# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 11, 2017

```
* * * * * * * * * * * * * * * * *
KATHLEEN MOSIER,                 *
                                 *          No. 16-418V
                Petitioner,      *
v.                               *          Special Master Gowen
                                 *
SECRETARY OF HEALTH              *          Dismissal Decision;
AND HUMAN SERVICES,              *          Influenza ("Flu") Vaccine;
                                 *          Chronic Fatigue Syndrome
                Respondent.      *
* * * * * * * * * * * * * * * * *
```

Kevin A. Mack, Law Offices of Kevin A. Mack, Tiffin, OH, for petitioner.
Robert R. Coleman, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On April 4, 2016, Kathleen Mosier ("petitioner"), acting *pro se*, filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petition ("Pet."), ECF No. 1. After retaining counsel, petitioner filed an amended petition on December 30, 2016. Amended Pet., ECF No. 26. In her amended petition, petitioner requested compensation for "injuries, including Chronic Fatigue Syndrome resulting from adverse effects of a Flulaval Quadrivalent vaccination received on December 15, 2014" (the "flu vaccination"). Amended Pet. at Preamble.

On April 10, 2017, petitioner filed a motion for a decision dismissing her petition. Motion ("Mot.") for Decision, ECF No. 28. The motion provides: "An investigation of the facts and science supporting Kathleen Mosier's case has demonstrated to the petitione[r] that [she] will be unable to prove that she is entitled to compensation in the Vaccine Program." Id. at ¶ 1. Petitioner understands that a special master's decision dismissing her petition will result in a

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

judgment against her, which will end all of her rights in the Vaccine Program.  Id. at ¶ 3.  Petitioner intends to protect her rights to file a civil action in the future.  Id. at ¶ 5.

      To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination.  See §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover evidence that petitioner suffered a "Table Injury" and the record does not contain any persuasive evidence indicating that petitioner's alleged injuries were caused by the flu vaccination.

      Under the Vaccine Act, petitioner may not be found entitled to compensation based solely on her own claims.  In this case, petitioner alleged in her amended petition that the flu vaccine caused injuries including chronic fatigue syndrome.  Amended Pet. at Preamble.  During a status conference on March 23, 2017, the undersigned explained to petitioner and her counsel that there are multiple difficulties with her claim.  Scheduling Order issued March 23, 2017, ECF No. 27.  First, petitioner contends that onset of her vaccine-related symptoms did not occur until approximately 45 days after the administration of her December 15, 2014, flu vaccination.  Petitioner's chronology of symptoms, filed with her December 16, 2016, status report, lists numerous symptoms both before and after vaccination, and it is difficult to identify which symptoms she alleges may be vaccine-related.

      Additionally, petitioner alleged in her amended petition that her neurologist, Dr. Selwyn-Lloyd McPherson, believed that petitioner's "consistent tiredness and weakness was a result of the flu vaccine she received in December of 2014 and that she had an allergic reaction to the flu shot and that she is suffering from an autoimmune disorder caused by the flu shot that is consistent with chronic fatigue syndrome."  Id. at ¶ 24.  A review of the record shows that on August 15, 2014, Dr. McPherson diagnosed petitioner with an "allergic reaction" to the flu vaccination, "with possible Autoimmune disorder consistent with chronic fatigue syndrome."  Petitioner's Exhibit 3 at 11.  However, allergic and autoimmune processes are not the same.  Furthermore, petitioner has indicated that Dr. McPherson is not willing to further support her claim.  Accordingly, based on her full review of the facts of the case, petitioner has concluded that she "will be unable to prove that she is entitled to compensation in the Vaccine Program."  Id. at ¶ 1.

      Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by the December 15. 2014, vaccination.

      **Thus, this case is dismissed for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.**

      **IT IS SO ORDERED.**

      **/Thomas L. Gowen**
      Thomas L. Gowen
      Special Master