# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: May 16, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | UNPUBLISHED DECISION |
| KATHLEEN MOSIER, | * | |
| | * | No. 16-418V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Voluntarily Dismissed Claim; |
| | * | Special Master's Discretion. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * | | |

Kevin A. Mack, Law Office of Kevin A. Mack, Tiffin, OH for petitioner.
Robert P. Coleman, U.S. Department of Justice, Washington, D.C. for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 4, 2016, Kathleen Mosier ("petitioner"), acting *pro se*, filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] ECF No. 1. Attorney Kevin A. Mack was substituted as petitioner's counsel on June 3, 2016. He filed additional medical records and a Statement of Completion on September 1, 2016, and an Amended Petition on December 30, 2016. The amended petition requested compensation for injuries including chronic fatigue syndrome, caused by a Flulavel Quadrivalent ("flu") vaccine on December 15, 2014. On petitioner's motion, a Decision dismissing the petition for insufficient proof was issued on April 11, 2017. Petitioner filed a motion for attorneys' fees and costs on April 13, 2017. Petitioner's motion requests $13,853.20 in attorneys' fees and $794.40 in attorneys' costs, for a total request of $14,647.60. Petitioner's Motion, Exhibit A at 3. Petitioner's counsel represents that petitioner has not incurred any personal litigation costs in pursuit of this claim. Petitioner's Motion at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 12, 2017, respondent filed his response to petitioner's motion for attorneys' fees and costs. Respondent's Response. Respondent states that he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3 (internal citation omitted).

I. **Good Faith and Reasonable Basis**

Section 15(e) of the Vaccine Act governs attorneys' fees. 42 U.S.C. § 300aa-15(e). When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs. Id. at §15(e)(1)(A)-(B). Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at § 15(e)(1).

In his response, respondent states that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response at 3. I also find that the case was brought in good faith and had a reasonable basis. "Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith. Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); Grice v. Sec'y of Health & Human Servs., 36 Fed. Cl. 114, 121 (1996). With regard to reasonable basis, the Court of Federal Claims has held that the statutory language of 42 U.S.C. § 300aa-15(e)(1)(B) grants the special master "maximum discretion in applying the standard." Silva v. Sec'y of Health & Human Servs., 108 Fed. Cl. 401, 402 (Fed. Cl. 2012). Many special masters and Court of Federal Claims judges have determined that the reasonable basis requirement is an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 303 (Fed. Cl. 2011); Chuisano, 116 Fed. Cl. at 286. In determining reasonable basis, the court looks "not at the likelihood of success, but more to the feasibility of the claim." Di Roma v. Sec'y of Health & Human Servs., No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Petitioner must furnish "some evidence" supporting the claims in the petition, but the evidentiary showing required is less than a preponderance of the evidence. Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *1, *13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013).

Based on the totality of the circumstances, I find that a reasonable basis existed throughout the pendency of this petition. Petitioner initially filed her claim *pro se*, based on a belief that "this flu shot [was] making [her] sick for the rest of [her] life" and that she "never had this problem until [she] got this flu shot." Petition at 1. She supported her claim with a record of receiving the flu vaccine on December 15, 2014; a record of receiving medical attention for flu-like symptoms on February 7, 2015; and a record from an initial neurological evaluation with a principal diagnosis of "adverse events (allergic reaction) to flu vaccination (2014), with autoimmune disorder consistent with chronic fatigue syndrome." Petition at 2-5. At the initial status conference on April 21, 2016, I strongly encouraged petitioner to seek assistance from counsel. Petitioner affirmed that she would secure counsel. I also ordered petitioner to obtain her medical records from three years prior to the vaccination, as well as all medical records from after the vaccination to the present, preferably with the assistance of counsel. Petitioner complied with my order and counsel was substituted on June 3, 2016. Once counsel was substituted on June 3, 2016,

he obtained and reviewed voluminous medical records, filed a status report summarizing petitioner's many symptoms before and after the vaccine, and subsequently filed an Amended Petition.  Afterwards, he communicated periodically with his client and briefly reviewed the medical records, but otherwise waited to discuss the case with respondent's counsel and myself.  During a status conference on March 22, 2017, I raised several issues, including the distinct nature of allergic and autoimmune processes.  Counsel indicated that petitioner's neurologist, who had possibly linked an allergic reaction to an autoimmune disorder, was not willing to further support the claim.  Following that status conference and several conversations with petitioner, it become apparent that causation would be too difficult to prove.  Counsel and petitioner agreed that it was appropriate to move for a dismissal decision.  Because petitioner and her counsel had a reasonable basis for pursuing the petition to the point that they did, I will award reasonable attorneys' fees and costs.

## II.     Reasonable Attorneys' Fees and Costs

### a.  Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i. Hourly Rates

Petitioner requests that Mr. Mack receive an hourly rate of $295.00 for work performed in 2016 and 2017. See generally Petitioner's Motion, Exhibit A. Respondent's Response. The requested rate is consistent with the rate awarded to Mr. Mack in several other recent cases. See Simmers v. Sec'y of Health & Human Servs., No. 16-711V, 2017 WL 1653417 (Fed. Cl. Spec. Mstr. April 7, 2017); Shupe v. Sec'y of Health & Human Servs., No. 15-472V, 2016 WL 1627504 (Fed. Cl. Spec. Mstr. Mar. 22, 2016. I find the rate to be reasonable here, based on counsel's more than 30 years of experience. See Law Office of Kevin Mack, available at http://kmacklaw.com/AboutUs.html (last accessed May 16, 2017) (providing that Mr. Mack graduated from law school and began working at a private firm in 1984).

### ii. Hours Expended

Petitioner requests that Mr. Mack be compensated for 46.96 hours expended on this case. Petitioner's Motion, Exhibit A at 3. Mr. Mack submitted a sufficiently detailed billing statement which describes the work performed. See generally Petitioner's Motion, Exihibt A. On review of the billing records, I find the hours expended reasonable.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $794.40 in attorneys' costs for Mr. Mack. Petitioner's Motion, Exhibit A at 3. The costs are for obtaining medical records and shipping. See generally Petitioner's Motion, Exhibit A. I find these costs to be reasonable.[3]

### III. Conclusion

**Based on the foregoing, I award a lump sum of $14,647.60 in the form of a check jointly payable to petitioner, Ms. Kathleen Mosier and her counsel, Kevin A. Mack of the Law Office of Kevin A. Mack, for attorneys' fees and costs.[4]**

---

[3] Many cases include the cost of filing the claim with the United States Court of Federal Claims. This cost is not present in this case, as petitioner filed the case *pro se* accompanied with a motion to proceed *in forma pauperis*, which I granted.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charged by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.